**Sharon Lee RECER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–89–00301–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 19, 1991.

Jeryl L. Schultz, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This appeal from a conviction for burglary of a habitation with intent to commit aggravated assault is before us on remand from the court of criminal appeals. In our original opinion, *Recer v. State*, 785 S.W.2d 430 (Tex.App.—Houston [14th Dist.] 1990), we held that there was sufficient evidence to support appellant's conviction, but that she had been denied effective assistance of counsel during the punishment phase of the trial. The court of criminal appeals reversed our decision concerning the effectiveness of her trial counsel, and remanded the case for review of appellant's contention that her constitutional rights were violated by limitations on the cross-examination of the complaining witness. *State of Texas v. Recer*, 815 S.W.2d 730  We affirm.

To place the discussion of the remaining point of error in perspective, a brief summary of the incident is necessary. The evidence reveals appellant forced her way into the complainant's home holding her at gunpoint. Appellant also carried a gun, a razor, a hammer, leather gloves, a screwdriver, and a box of matches. Appellant struck the complainant in the head several times with the gun, ordered her to lie down, telling her "[i]t's too late for talking." The women continued to scuffle as the complainant attempted to escape to the parking lot. Several witnesses heard the complainant's screams for help. Witness Lehman testified he saw appellant beating and choking the complainant in the parking lot. The complainant received numerous cuts, bruises, and a broken nose. Appellant admitted she forced her way into the house, that she meant to frighten the complainant, that she struck her across the face with the gun, and that they struggled as the complainant attempted to escape.

Appellant contends her right to confront the complainant was violated by the trial court's restrictions on questioning during cross-examination. Appellant asserts that "the extent and nature of [the complainant's relationship with appellant's husband, Gary] was of paramount importance", and

that her counsel was prevented from sufficiently developing the complainant's bias, motive and animus toward appellant.

The State argues that appellant did not preserve this point for review. It contends appellant had to make a bill of exception by either having the complainant answer the specific questions desired, or by posing the questions counsel would have asked and the anticipated responses from the complainant.

■ The State's reliance on *Koehler v. State*, 679 S.W.2d 6 (Tex.Crim.App.1984) is misplaced. The *Koehler* decision distinguished the situation in which a defendant is prevented from generally questioning the State's witness on subject matters that might have shown that she had malice, ill will, bias, prejudice, or animus toward the defendant, from those in which the defendant wants to elicit certain specific responses from the witness and is precluded from doing so. *Koehler*, 679 S.W.2d at 9. When the issue before an appellate court is whether counsel for appellant was denied the opportunity to question the testimony of the State's witness about a subject that might have affected her credibility before the jury, such as bias or animus, the defendant need not show what the cross-examination of the witness would have affirmatively established to preserve error for review. *Id.* Rather, she must merely establish on what general subject matter she desired to examine the witness during cross-examination and, if challenged, show on the record why such should be admitted into evidence. *Virts v. State*, 739 S.W.2d 25, 29 (Tex.Crim.App.1987), *citing Koehler*, 679 S.W.2d at 9.

■ Appellant met that burden. The record clearly reflects that appellant's counsel wanted to question the complainant further about the extent of her relationship with appellant's husband to establish bias, ill will, and animus toward appellant, and that the trial court limited that questioning. The issue before us is whether the trial court's limitations were proper.

Great latitude should be allowed the accused in showing any fact that would tend to establish ill feeling, bias, motive and animus on the part of any witness testifying against her. *Koehler*, 679 S.W.2d at 9. However, the trial court has considerable discretion in determining how and when bias may be proved, and what collateral evidence is material for that purpose. *Green v. State*, 676 S.W.2d 359, 363 (Tex. Crim.App.1984). The defendant's right to confront witnesses does not prevent a trial court from imposing reasonable restrictions on cross-examination into the bias of a witness. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1987); *Hurd v. State*, 725 S.W.2d 249, 252 (Tex.Crim.App.1987). The trial court may impose reasonable limits on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive, or only marginally relevant." *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435; *accord Miller v. State*, 741 S.W.2d 382, 389 (Tex.Crim.App.1987).

■ During her direct testimony, the complainant admitted that she began to date Gary Recer while the Recer's divorce was still pending. She described at length the development of their relationship, admitting that it evolved into intimacy. During cross-examination, appellant's counsel was permitted to question the complainant in detail about the relationship. He delved into the feelings of the parties and challenged the complainant's assertion that her relationship with Gary Recer had ceased to be romantic or intimate, that they continued to see each other as simply friends. The complainant answered the same questions repeatedly. The trial court's limitation on the questioning arose from attempts to question the complainant about specific conversations and conduct with Gary Recer that occurred well before or after the assault with which appellant was charged. The trial court properly ruled such testimony was either inadmissible hearsay or immaterial.

■ Appellant was not prevented from proving a basis for bias, a motive for deception, or animus toward her by the com-

plainant. The extent of the relationship between the complainant and Gary Recer was well established for the jury. Where the possible bias and prejudice of the State's witness has been made patently obvious to the trier of the facts, and the defendant has otherwise been afforded an opportunity for a thorough and effective cross-examination, no violation of the defendant's confrontation rights occurs. *Carmona v. State,* 698 S.W.2d 100, 104 (Tex.Crim.App.1985); *Chovjka v. State,* 582 S.W.2d 828, 832 (Tex.Crim.App. [Panel Op.] 1979).

Given the record before us, we find the limitations imposed by the trial court were reasonable and not an abuse of discretion. Appellant's point of error is overruled.

The judgment of trial court is affirmed.