Affirmed and Memorandum Opinion filed August 31, 2006








Affirmed and Memorandum Opinion filed August 31, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00507-CR

_______________

 

ANTHONY BERNARD FREEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                         
                                                      

On Appeal from the 180th District Court 

Harris County, Texas

Trial Court Cause No. 1006120

                                                                                                
                                               

 

M E M O R A N D U M   O P I N I O N

Appellant,
Anthony Bernard Freeman, appeals his conviction for deadly conduct.  In two
issues, appellant contends that (1) the trial court erred by refusing to admit
evidence offered to impeach one of the State=s witnesses, and (2) appellant was
denied effective assistance of counsel.   Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








I.  Background

On
November 3, 2004, appellant fired a gun outside an apartment complex.  Two
bullets pierced the wall of an apartment.  One bullet struck a sofa and coffee
table; the other bullet was lodged in a bedroom wall.  Appellant admitted
firing the gun but claimed he was acting in self-defense. Following a bench
trial, appellant was convicted of deadly conduct and sentenced to four years= imprisonment.   

II.  Impeachment Evidence

In his
first issue, appellant contends the trial court erred by excluding evidence
pertaining to alleged bias and prejudice of a State witness in violation of
appellant=s Sixth Amendment right to confront and cross-examine witnesses.  See U.S. Const. amend. VI.  On cross-examination,
appellant asked a series of questions centered around a friend of the witness
whose apartment was located next to the apartment caught in the gun fire. 
Appellant asked the witness whether the incident upset him because of his
friend.  The witness replied that he thought the question was misleading.  The
witness further explained:  AWhat upset me was the fact that this garbage is going down
and there is kids around . . .@  After this explanation, appellant paraphrased the witness,
stating A[y]ou are upset because what you
describe is garbage out there . . . you are pretty mad about that, aren=t you?@  The State objected that the
question was asked and answered.  The trial court sustained the objection. 








            Appellant
later asked the witness the following questions: (1) AWhy are you so testy?@; (2) AHave you got some hostility?@; and (3) ADo you haveCwhy are you so mad?@  After each question, the State
objected, and the trial court instructed appellant to rephrase the question. 
Appellant then made an offer of proof in which he stated that if the trial
court allowed the witness to answer the questions, the witness would have
testified as follows: AI don=t like shootings out there in that neighborhood and I am mad
at this defendant because he=s the only one on trial and I wouldCand I definitely have a bias towards
this man.@[1]

Although
Agreat latitude should be allowed in
cross-examining witnesses to reveal possible bias, prejudice, or
self-interested motives to falsify testimony,@ the proponent bears the burden of
showing the relevance of particular evidence to the question of bias.  Chambers
v. State, 866 S.W.2d 9, 26B27 (Tex. Crim. App. 1993).  Further, parameters of
cross-examination remain within the sound discretion of the trial court, which
must balance probative value against prejudicial risks including undue
prejudice, embarrassment, harassment, confusion of the issues, and undue
delay.  Id.; see Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)
(concluding right to confront witnesses does not prevent the trial court from
exercising its discretion to protect the witness=s safety and to prevent harassment,
prejudice, confusion of the issues, and repetitive or marginally relevant
interrogation).








Here,
appellant questioned the State=s witness without restriction regarding his relationship with
the friend residing in the apartment complex.  Appellant was also given great
latitude to question the witness regarding his anger and whether he knew
appellant or any of the people involved in the shooting.  The witness testified
at least three times on cross-examination that he had never before met
appellant or anyone else involved in the shooting.  The witness also explained
at great length that he was upset about the Agarbage,@ including drugs and gunfire, that
had been occurring in a residential area.  Accordingly, we conclude the trial
court acted within its discretion to prevent harassment and undue delay by
sustaining the State=s objections to questions the witness had already answered.  See
Recer v. State, 821 S.W.2d 715, 717B18 (Tex. App.CHouston [14th Dist.] 1991, no pet.)
(finding no abuse of discretion when appellant was afforded an opportunity for
thorough and effective cross-examination regarding the source of the possible
bias).  Appellant=s first issue is overruled.

III.  Ineffective Assistance of Counsel

In his
second issue, appellant contends he received ineffective assistance of
counsel.  To prevail on an ineffective-assistance-of-counsel claim, an
appellant must prove: (1)  the attorney=s performance was deficient; i.e.,
that the performance fell below an objective standard of reasonableness under
the prevailing professional norms; and (2)  the deficient performance
prejudiced the defense to such a degree that the defendant was deprived of a
fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

Appellant
makes three arguments to support his claim: (1) his counsel failed to call a
key witness; (2) his counsel failed to provide Acrucial evidence@ in the form of a diagram or other
visual depiction of the apartment complex; and (3) his counsel=s representation as a whole was
ineffective. 

A.        Failure to Call a Witness

Appellant
first argues that his counsel was ineffective because he failed to call a
witness key to his defense.  At trial, appellant testified that some people
were shooting at him.  He testified that a man named Quincy was chasing him,
but it was not clear from his testimony whether Quincy or another person was
shooting at him.  Three defense witnesses corroborated appellant=s version of the events.  Two of the
witnesses were unable to identify the other shooter, but one testified Quincy
was the other shooter.  Appellant testified Quincy was incarcerated at the time
of trial and argues on appeal that his counsel should have called him to
testify.  Appellant also asserts on appeal that his counsel never interviewed
Quincy.  However, he does not cite to anything in the record to support this
assertion.   








 Appellant
did not argue he received ineffective assistance in  a motion for new trial,
and the record does not indicate Quincy=s potential testimony or the
motivation behind the decision not to call him as a witness.  There is a strong
presumption that an attorney=s performance falls within the range of reasonable
assistance.  See Strickland, 446 U.S. at 689. Therefore, when there is a
possibility that an attorney=s decision could have been the result of objectively
reasonable trial strategy and the reasons for the attorney=s conduct do not appear in the
record, we must defer to the attorney=s judgment.  See Freeman v. State,
125 S.W.3d 505, 511B12 (Tex. Crim. App. 2003); Murphy v. State, 112 S.W.3d
592, 601 (Tex. Crim. App. 2003); Ortiz v. State, 93 S.W.3d 79, 88B89 (Tex. Crim. App. 2002).  

Nonetheless,
appellant argues that his counsel admitted at trial he should have called
Quincy as a witness.  However, appellant cites to his counsel=s statements that the prosecution should
have called Quincy as a witness.  If anything, these statements demonstrate
appellant=s counsel strategized that the witness=s testimony would be harmful to
appellant.  Accordingly, in the absence of any evidence indicating why Quincy
was not called as a witness, appellant has failed to meet his burden to show
his counsel=s performance was deficient.  

B.        Failure to Provide Visual
Depiction of Apartment Complex   

Appellant
also argues that his counsel was ineffective because he failed to provide a
defense witness with a diagram or map of the apartment complex.  However,
again, appellant points to the prosecution=s cross-examination of the witness.  During
cross-examination, the State asked a defense witness to draw a diagram to
indicate where she was located in relation to the shooters.  Appellant contends
that the witness=s testimony was confusing without a proper diagram.  However,
appellant cites no authority for the proposition that his counsel should have
been allowed to interject and provide a diagram during the State=s examination of a witness. 
Moreover, failure to aid the State in its cross-examination does not support
appellant=s ineffective-assistance-of-counsel claim.








C.        Overall Representation

Appellant=s last argument is based on several
negative statements made by his counsel throughout the trial.  He contends
these statements show the overall representation was deficient. Near the
beginning of trial, appellant=s counsel requested the trial court ask any questions it had
for the witnesses.  The trial court responded that it would Afeel free to jump in,@ and appellant=s counsel rejoined with AWell, I hope you do.  I need all the
help I can get.@   Appellant=s counsel also stated, during cross-examination of one of the
State=s witnesses, that he was confused,
and that he was Aalways confused, if you know me.@  Further, appellant=s counsel drew out his argument for a
directed verdict for the purpose of stalling before his witnesses arrived.  He
stated Asometimes I have a hard time keeping
a straight face,@ and AI am stalling obviously.  But not for too long, I fear.@  Finally, during the punishment
phase, appellant=s counsel questioned appellant=s mother regarding appellant=s salary and then asked AWell, how come he hasn=t been paying me then?@   








At best,
these statements can be viewed as a self-effacing style aimed, however
ineffectively, to establish a light and friendly relationship with the trial
court as trier-of-fact, appellant, and appellant=s mother.  At worst, the statements
are unprofessional and inappropriate.  However, here, there is no evidence
appellant=s counsel failed to research the relevant law or failed to interview and
prepare witnesses.  To the contrary, the record reveals that appellant=s counsel conducted a thorough
cross-examination of the State=s key witnesses and called seven defense witnesses, including
appellant.  Viewing the representation as a whole, we conclude the performance
of appellant=s counsel was not deficient.  To the extent that some of his counsel=s comments may be viewed as falling
below an objective standard of reasonableness, appellant has not shown a
reasonable probability that the outcome would have been different but for the
unprofessional comments.  See Strickland, 466 U.S. at 694 (holding a
defendant must show a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different).  Accordingly, we overrule
appellant=s second issue.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 31, 2006.

Panel consists of Justices Fowler,
Seymore and Mirabal.[2]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  The State argues appellant failed to preserve error
because he made his offer of proof outside the court=s presence.  However, appellant obtained a ruling on
his offer of proof, and it appeared the substance of the offer was made known
to the court.  See Fox v. State, 115 S.W.3d 550, 559 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (concluding error was properly preserved when the
record demonstrated the trial court knew what it was excluding).  





[2]  Senior Justice Margaret Garner Mirabal sitting by
assignment.